# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RICHARD W. TREDINNICK, §<br>*Plaintiff,* §<br> §<br>v. §<br> §<br>TRANSAMERICA LIFE INSURANCE §<br>COMPANY, §<br>*Defendant.* §<br> § | Civil Action No. 4:22-cv-00423<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Transamerica Life Insurance Company's Motion to Dismiss (Dkt. #12). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED.**

## BACKGROUND

This lawsuit centers around the calculation and assessment of surrender charges relating to Plaintiff Richard Tredinnick's ("Tredinnick") withdrawal of funds from two variable annuities accounts (the "Annuities"). On July 21, 2017, Defendant TransAmerica Life Insurance Company ("TLIC") and Tredinnick entered into variable annuities contracts (the "Annuities Contracts") with TLIC, whereby TLIC agreed to sell and issue to Tredinnick the Annuities (Dkt. #8 ¶ 2). The Annuities Contract stipulated that "[w]ithdrawals or [s]urrenders in excess of the surrender charge-free amount are subject to a surrender charge. The amount of this charge, if any, will be a percentage, as shown in the table in Section 2 – Policy Data, of the amount withdrawn" (Dkt. #8 ¶ 45). The table provided a formula for calculating the correct surrender charge. On May 19, 2021, Tredinnick made an excess partial withdrawal of $75,000 from each of the Annuities (Dkt. #8 ¶ 12). Based on the formula in the Annuities Contracts, these withdrawals were subject

to a surrender charge of 7% (Dkt. #8 ¶ 12). However, TLIC actually applied a 7.53% surrender charge (Dkt. #8 ¶ 48). According to Tredinnick, this resulted in a total overcharge of $801.28—$402.42 on one annuity account and $398.86 on the other annuity account (Dkt. #8 ¶ 12).

On May 18, 2022 Tredinnick filed his original complaint, asserting breach of contract against TLIC based on the overages (Dkt. #1). On July 18, 2022, TLIC filed a motion to dismiss (Dkt. #4). On August 22, 2022, before Tredinnick had filed his agreed-upon response to the motion, Tredinnick amended his complaint ("First Amended Complaint") (Dkt. #8). In his First Amended Complaint, Tredinnick kept his breach of contract cause of action and asserted several new causes of action alleging that TLIC had (1) violated § 10(b) of the Exchange Act and Rule 10b-5; (2) violated § 20(a) of the Exchange Act; and (3) violated of § 29(b) of the Exchange Act (Dkt. #8 at pp. 26–28).

On October 6, 2022, TLIC filed another Motion to Dismiss with respect to Tredinnick's First Amended Complaint (Dkt. #12). On November 3, 2022, Tredinnick filed his response (Dkt. #13). On November 30, 2022, TLIC filed its Reply (Dkt. #14). On December 21, 2022, Tredinnick filed his sur-reply (Dkt. #18).

## LEGAL STANDARDS

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

1998).  If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief.  *Lane*, 529 F.3d at 557.

**II.  Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

3

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

TLIC filed a motion to dismiss, arguing that this Court should dismiss all of Tredinnick's claims for three reasons (Dkt. #12). First, TLIC argues that Tredinnick's § 10(b) and § 29(b) claims are both barred by their respective statutes of repose. Next, TLIC further argues that Tredinnick did not plead his securities-fraud claim with particularity. Third, TLIC argues that there is no viable underlying securities-law violation, which is necessary to support Tredinnick's claims under § 20(a) and § 29(b). And lastly, if the Court dismisses Tredinnick's federal claims, the Court should decide against exercising supplemental jurisdiction over the remaining state-law claim.

The Court agrees with TLIC that it should dismiss Tredinnick's federal-securities claims. First, Tredinnick's § 10(b) and § 29(b) claims are time-barred by their respective statutes of repose. Further, because Tredinnick's § 10(b) is time-barred, there is no underlying securities-law violation to support his § 20(a) and § 29(b) claims. The Court also agrees with TLIC that, because it is dismissing all of Tredinnick's federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claim. The Court will address each issue in turn. Additionally, because the Court is dismissing Tredinnick's federal claims for the above enumerated reasons, it need not address whether Tredinnick sufficiently pleaded his claim under § 10(b) with the particularity.

I.   Section 10(b)

In Count One of the First Amended Class Action Complaint, Tredinnick alleges that TLIC committed securities fraud in violation of § 10(b), codified at 15 U.S.C. § 78j(b), and Rule 10(b)–5, codified at 17 C.F.R. § 240.10b–5.  TLIC, however, argues that Tredinnick's securities-fraud claim is time barred under the applicable 5-year statute of repose.  Relevant to this argument, the parties dispute (1) what the relevant trigger date is, and (2) if time-barred, whether parties had a tolling agreement.  The Court will first address what the trigger date is.

A.  Trigger Date

According to TLIC, the proper trigger date is the date that Tredinnick purchased the Annuities—July 21, 2017.  Tredinnick, on the other hand, argues that the proper trigger date is the date of the last culpable act or omission of TLIC.  To that end, Tredinnick further argues that, in this case, the last culpable act or omission of TLIC occurred when TLIC calculated and assessed surrender charges against Tredinnick on May 19, 2021.  If TLIC is correct, then Tredinnick's claims are barred because he brought his § 10(b) cause of action more than five years after he purchased his annuities.  If Tredinnick is correct, then he brought his claims within the relevant time period and the Court need not dismiss his claim.  The Court agrees with TLIC.  The proper trigger date is the date that Tredinnick purchased his Annuities.  Therefore, Tredinnick's claim is barred by the five-year statute of repose.

The Securities Exchange Act makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."  15 U.S.C. § 78j(b) (cleaned up).  The Securities Exchange Commission interpreted this provision as making

6

it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. In other words, a plaintiff must plead "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Masel v. Villarreal*, 924 F.3d 734, 743 (5th Cir. 2019), *as revised* (June 6, 2019).

A statute of repose effects a legislative judgment that a defendant should "be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason." *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014). "A statute of repose is 'intended to give defendants complete protection from litigation after a defined period of time has passed' and is not subject to tolling." *Burback v. Oblon*, No. 4:20-CV-946, 2021 WL 4477607, at *3 (E.D. Tex. Sept. 30, 2021) (Jordan, J.) (quoting *In re BP p.l.c. Sec. Litig.*, 341 F.Supp.3d 698, 704 (S.D. Tex. 2018)). Generally, statutes of repose are viewed as establishing an outer limit on the right to bring a civil action. *CTS*, 573 U.S. at 8. Courts understand that the outer limit set by the statute of repose serves as a bar to "any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury." *Id*. In other words, a statute of repose completely prohibits a cause of action after a certain point, even if the cause of action has not accrued yet. *Id.* at 16. So, a statute of repose can effectively prevent a cause of action from ever coming into existence. *Id.* With these principles in mind, to determine when the repose period begins—the trigger date—courts start

7

from the date of the last culpable act or omission of the defendant, not from the date on which the claim accrues. *Id.* at 8; *see also Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2045 (2017) (stating that "the statute also runs from the defendant's last culpable act (the securities offering), not from the accrual of the claim (the plaintiff's discovery of the defect) . . . .").

The time limitations in § 10(b) and Rule 10b-5 are governed by 28 U.S.C. § 1658(b). Section 1658(b) states, in relevant part, that a private right of action involving a claim of fraud and concerning the securities laws must be brought within 5 years after such violation. 28 U.S.C. § 1658(b)(2). That is, the statute of repose found in § 1658(b)(2) "bars all private rights of action involving a claim of fraud in contravention of the securities laws five years after such violation." *Burback*, 2021 WL 4477607, at *3. In this case, the trigger date beginning the five-year period is the date of "the last culpable act or omission of the defendant." *Id.* (quoting *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 n.1 (2018). Under § 10(b) and Rule 10b-5, an act or omission is culpable if it occurs "in connection with the purchase or sale of any security." *See* 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. Fraud occurs "in connection with" the purchase or sale of securities, when it coincides with the purchase or sale of the securities. *S.E.C. v. Zandford*, 535 U.S. 813, 822 (2002). Further, fraud coincides with the purchase or sale if it is "more than tangentially related" to the purchase or sale. *Burback*, 2021 WL 4477607, at *3 (quoting *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012), *aff'd sub nom. Chadbourne & Parke LLP v. Troice*, 571 U.S. 377 (2014)).

Tredinnick argues that TLIC's last culpable act or omission, as it relates to the statute of repose, occurred when TLIC calculated and assessed surrender charges. Tredinnick bases this argument on Tredinnick's inability to discover the fraud until he was charged a higher rate. Tredinnick points to no cases that support his proposition, nor can the Court locate any.

8

Tredinnick's failure to find a case on point is likely because Tredinnick conflates § 1658(b)'s statute of limitations period with its statute of repose period. In full, § 1658 provides that:

> (b) Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of--
>
> (1) 2 years after the discovery of the facts constituting the violation; or
>
> (2) 5 years after such violation.

28 U.S.C. § 1658(b). Section 1658(b)(1) is a statute of limitations period and § 1658(b)(2) is a statute of repose. *China Agritech*, 138 S. Ct. at 1802 ("The Act has both a two-year statute of limitations and a five-year statute of repose, 28 U.S.C. § 1658(b)."). Here, the earlier of the two dates is the statute of repose. Therefore, the statute of limitations is inapplicable and when Tredinnick discovered the facts constituting TLIC's alleged violation is irrelevant.

Nonetheless, Tredinnick argues that the Court's decision should be guided by the Supreme Court's decision in *Zandford*. According to Tredinnick, *Zandford* teaches that a subsequent transaction made by a defendant can constitute a continuation of the defendant's scheme to defraud, thus causing the statute of repose period to accrue at a later date. In *Zandford*, the defendant's scheme to defraud involved misappropriating the proceeds of securities sales he made on behalf of his investors. *Zandford*, 535 U.S. at 822. More specifically, the Supreme Court determined that each sale was fraudulent because it was neither disclosed to nor authorized by the investors. *Id.* Each fraudulent act by the defendant required the sale of the investors' securities. *Id.* at 821. Thus, the Supreme Court held that the securities sales and the defendant's fraudulent practices were not independent events requiring the use of a continuing fraud exception; a fraudulent act occurred each time the defendant failed to disclose the sales and misappropriated

9

funds for his benefit without authorization. *Id.* In sum, *Zandford*, did not establish a continuing fraud exception as Tredinnick implies.

Tredinnick's argument that *Zandford* supports his proposition that the last culpable act or omission by TLIC occurred when it calculated and assessed surrender charges is misplaced. The current case is readily distinguishable. Tredinnick ignores a key difference between this case and *Zandford*. Here, the withdrawal penalties assessed at a higher rate did not coincide with any purchase or sale of securities. Rather, TLIC represented once—on the date it sold the Annuities to Tredinnick—that it would assess charges at a certain rate for both Annuities but, instead, assessed the charges at a higher rate years later. There was no sale or purchase of a security at the time TLIC charged a higher rate. Accordingly, unlike in *Zandford*, to establish a later trigger date for the statute of repose, Tredinnick requires a continuing fraud exception.

This case aligns more with *Burback*. In *Burback*, another district court in the Sherman Division recently addressed whether a subsequent transaction constitutes a continuation of a scheme to defraud such that it may serve as the defendant's last culpable act under § 10(b). *Burback*, 2021 WL 4477607, at *3 (Jordan, J.). In *Burback*, the plaintiffs argued that misrepresentations and actions taken by the defendants after the plaintiffs had purchased securities were culpable acts or omissions by the defendants that triggered the running of the statute of repose. *Id.* at *3. In support of their argument, the plaintiffs argued that the continuing fraud exception applied to the statute of repose. *Id.* The Honorable Judge Jordan was quick to dispel of this argument, noting that "there is no continuing fraud exception to the statute of repose." *Id.* at *5.[1]

---

[1] Other courts are of the same mindset in that there is no continuing fraud exception to the statute of repose. *See e.g., Wolfe v. Bellos*, No. 3:11-CV-02015, 2012 WL 652090, at *6 (N.D. Tex. 2012); *Hogan v. Pilgrim's Pride Co.*, No. 16-CV-02611, 2021 WL 1534602, at *6 (D. Colo. 2021).

Similar to *Burback*, Tredinnick argues that the surrender charges were part of TLIC's ongoing scheme to defraud Tredinnick. In other words, Tredinnick essentially argues that the date TLIC assessed a higher rate is TLIC's last culpable act or omission because it was part of their ongoing scheme to fraudulently misrepresent the surrender charges, which began when the parties entered into the Annuities Contracts. That argument is to no avail. There is no ongoing fraud exception to the statute of repose for § 10(b). As discussed, § 10(b) concerns a misrepresentation or omission *in connection with*, or *coinciding with*, the purchase or sale of a security. *Masel v. Villarreal*, 924 F.3d 734, 743 (5th Cir. 2019). TLIC is only liable under § 10(b) if it made a material misrepresentation or omission to Tredinnick—either intentionally, knowingly, or with severe recklessness—that is connected to, or coincides with, the purchase or sale of a security, and Tredinnick's reliance on TLIC's misrepresentation caused him to suffer an economic loss. *See id.* at 743, 747. Without the benefit of the ongoing fraud exception, this means the last culpable act or omission by TLIC must have coincided with Tredinnick's purchase of the Annuities.

Here, based on the First Amended Complaint, the relevant date of purchase is July 21, 2017 (Dkt. #8 ¶ 12). Tredinnick alleges that the Annuities Contracts "did not disclose the method TLIC would use to calculate excess partial withdrawals or full surrender charges or otherwise falsely disclosed the method it would use to calculate withdrawal charges on withdrawals that were subject to a penalty" (Dkt. #8 ¶ 13). If this "material fact had been properly communicated to [Tredinnick] in the sale," he alleges that he "would not have purchased the TLIC variable annuities" (Dkt. #8 ¶ 13). Thus, according to Tredinnick's First Amended Complaint, the culpable act is TLIC's misrepresentation that it would only assess a surrender charge of 7% rather than 7.53%.[2] TLIC's misrepresentation coincided with Tredinnick's purchase of the Annuities, which

---

[2] Tredinnick attempts to change the outcome of this order and circumvent caselaw by couching the culpable act in terms of an omission. This will not save his argument. To start, Tredinnick contends that TLIC defrauded him because

11

he would not have purchased if he knew of the higher rate. Importantly, unlike in *Zandford*, there were no additional sales or purchases of securities that coincided with TLIC charging the higher rate. Accordingly, the trigger date for the repose period is July 21, 2017.

Tredinnick filed his First Amended Complaint on August 22, 2022, more than five years after Tredinnick purchased the Annuities. Thus, Tredinnick's private right of action under § 10(b) in Count One is barred by the five-year repose period and must be dismissed with prejudice.

### B. Tolling Agreement

Next, the Court turns to whether the parties entered into a tolling agreement. Tredinnick now argues that, even if the Court is of the opinion that the trigger date is July 21, 2017, the parties entered into a tolling agreement. According to Tredinnick, because TLIC agreed to allow Tredinnick additional time to file his response to TLIC's first motion to dismiss, TLIC essentially agreed to extend the statute of repose. Tredinnick's argument is without merit.

Few courts have considered whether a statute of repose may be tolled by mutual agreement of the parties. However, the courts that have extended the statute of repose period, have only done so when the parties expressly agreed to toll the repose period. *See, e.g., Urenco, USA, Inc. v. Baker Concrete Constr., Inc.*, No. 2:21-CV-01224, 2022 WL 1078570 (D.N.M. Apr. 11, 2022) (collecting cases). Tredinnick acknowledges that parties must expressly agree to extend a repose period. Yet, in Tredinnick's recitation of the facts surrounding the parties' agreement, Tredinnick

---

TLIC "omitted to disclose to" Tredinnick that TLIC would not follow the express language of the Annuities Contracts (Dkt. #8 ¶ 2). Indeed, Tredinnick attempts to artfully phrase his argument so that a misrepresentation becomes an omission. In essence, Tredinnick is arguing that this is an omission because TLIC omitted the fact that it was making misrepresentations to Tredinnick. Failing to alert a party that you are making misrepresentations to them does not transform a misrepresentation into an omission. Even if the Court were to agree with Tredinnick that this was an omission, Tredinnick's argument still fails. Based on the Tredinnick's allegations in the First Amended Complaint, the omission occurred at the time TLIC presented Tredinnick with the terms of the purchase agreement. That is, at the time the parties entered into the Annuities Contracts, TLIC omitted the fact it planned to charge Tredinnick surrender charges at a higher rate. TLIC's alleged omission coincided with Tredinnick's purchase of the Annuities. Tredinnick's phrasing cannot change the basic facts of his pleadings or this case. Whether a misrepresentation or an omission, the trigger date is still July 21, 2017.

makes no mention of an express agreement between the parties to toll the statute of repose time period. Rather, Tredinnick concedes that TLIC merely agreed that Tredinnick may have additional time to respond to TLIC's first motion to dismiss. Still, Tredinnick argues that its claim should not be time-barred because TLIC should have foreseen that Tredinnick would amend his complaint, rather than just respond to the motion to dismiss, to add these additional federal securities-fraud claims. The Court will not entertain this argument. TLIC never agreed to extend the repose period, whether expressly or otherwise. There was no tolling agreement. Therefore, Tredinnick's § 10(b) claim in Count One is still time-barred.

## II.     Section 20(a)

Next, the Court turns to whether Tredinnick's cause of action brought under § 20(a) can survive now that there is no underlying securities violation. The Court concludes that it cannot. Section 20(a) provides for control person liability. 15 U.S.C. § 78t(a). However, "[c]ontrol person liability is secondary only and cannot exist in the absence of a primary violation." *Southland Secs. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1021 n.8 (5th Cir. 1996)); *see also Alaska Elec. Pension Fund v. Flotek Indus, Inc.*, 915 F.3d 975, 986 (5th Cir. 2019) (same). Because the Court dismissed Tredinnick's § 10(b), there is no underlying securities violation to support Tredinnick's § 20(a) cause of action. Therefore, the Court must also dismiss Tredinnick's § 20(a) cause of action in Count Two with prejudice.

## III.    Section 29(b)

Tredinnick's cause of action pertaining to § 29(b) must also be dismissed. Section 29(b) renders void (for certain purposes) any contract made in violation of the Securities Exchange Act. 15 U.S.C. § 78cc(b). Similar to § 20(a), § 29(b) requires an underlying securities violation to

survive.  *Lynch v. Fountainbleau Mgmt. Servs., LLC*, No. 18-CV-10095, 2019 WL 1903266, at *3 (E.D. La. Apr. 29, 2019) ("Plaintiff's § 10(b) claim being time barred, Plaintiff may not bring his § 29(b) claim based on his § 10(b) claim."); *see also Dendinger v. First Nat. Corp.*, No. 87-CV-4611, 1989 WL 85070, at *7 (E.D. La. July 27, 1989) (holding that § 29(b) is derivative of other sections and requires an underlying violation of the Securities Exchange Act to survive); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur*, 892 F.2d 199, 206 (2d Cir. 1989) ("Since we hereinafter conclude that no violation of section 10(b) of the Act or rule 10b–5 survives National Union's motion for summary judgment, we do not reach any issue posed by section 29(b) of the Act.").  Because the Court dismissed Tredinnick's § 10(b) cause of action, there is no underlying securities violation to support Tredinnick's § 20(a) cause of action.

Moreover, § 29(b) is subject to its own statute of repose.  *Lynch*, 2019 WL 1903266, at *3 ("[Section] 29(b) carries a three-year statute of repose.").  Section 29(b) only applies to causes of action "brought within one year after the discovery that such sale or purchase involves such violation and within three years after such violation." 15 U.S.C. § 78cc.  Here, Tredinnick did not bring his cause of action under § 29(b) within three years after the violation.  Therefore, Tredinnick's § 29(b) claim is barred by the three-year repose period.

There is no underlying securities violation to support Tredinnick's § 29(b) cause of action.  Additionally, Tredinnick's § 29(b) cause of action is time-barred.  Accordingly, the Court must also dismiss Tredinnick's § 29(b) cause of action in Count Three with prejudice.

## IV. Supplemental Jurisdiction

Next, the Court must determine whether it should dismiss Tredinnick's state-law claim because the Court dismissed all of Tredinnick's federal-law claims.  In this case, Tredinnick brings breach of contract cause of action against TLIC that is related to his federal-law claims.

Section 1367 provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are so related to the original claims that they form part of the same case or controversy when they "derive from a common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Now, though, there are no federal law claims left.

The dismissal of Tredinnick's claims which arose under federal law means that the Court may, but is not required to, dismiss or remand the remaining state-law claim. That is, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Rayborn v. Bossier Par. Sch. Sys.*, 198 F. Supp. 3d 747 (W.D. La. 2016), *aff'd sub nom. Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409 (5th Cir. 2018) ("When a district court dismisses all federal claims in a lawsuit, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims." (quoting *Del–Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 731 (5th Cir. 2011)). However, in the Fifth Circuit, the general rule is that district courts should decline to exercise jurisdiction over a pendent state-law claim when all federal claims are dismissed or otherwise eliminated from a case prior to trial. *Brookshire Bros. Holdings, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . .").

In line with the Fifth Circuit's general rule, this Court declines to exercise jurisdiction over Tredinnick's state-law claim now that the Court has dismissed all of Tredinnick's federal law

claims. Accordingly, Tredinnick's breach of contract claim in Count Four is dismissed without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #12) is hereby **GRANTED**.

It is further **ORDERED** that Counts One, Two, and Three are **DISMISSED with PREJUDICE** and Count Four is **DISMISSED without PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED this 10th day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE